UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-HC-2044-BR

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | ORDER |
| HOWARD HENRY HUGHES, | ) | |
| Respondent. | ) | |

On 12 December 2016, respondent was committed to the custody and care of the Attorney General pursuant to 18 U.S.C. § 4248(d). (DE ## 30, 31.) This matter is now before the court on a *pro se* motion submitted by respondent in the form of a letter that was filed on 19 April 2017. (DE # 32.) In the letter, respondent requests the court "let [him] go home" so that he can be with his elderly mother. (Id. at 1.)

Once an individual has been committed pursuant to 18 U.S.C. § 4248(d), there are only two methods by which that person may be deinstitutionalized. Under one method, the director of the facility in which the respondent is hospitalized may file a certificate with the court stating that the respondent is no longer in need of care:

> When the Director of the facility in which a person is placed pursuant to subsection (d) determines that the person's condition is such that he is no longer sexually dangerous to others, or will not be sexually dangerous to others if released under a prescribed regimen of medical, psychiatric, or psychological care or treatment, he shall promptly file a certificate to that effect with the clerk of court that ordered the commitment.

18 U.S.C. § 4248(e). The other method by which a person may be deinstitutionalized is set forth in 18 U.S.C. § 4247(h):

> Regardless of whether the director of the facility in which a person is committed has filed a certificate pursuant to the provisions of [18 U.S.C. § 4248(e)], counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility .
> . . .

Here, respondent himself filed the motion. However, as demonstrated above, only the respondent's attorney[1] or guardian may formally request a hearing to determine whether the respondent should continue treatment in a psychiatric facility in the absence of a certificate from the director of the facility. The respondent himself may not make such a request *pro se*, nor may the district court conduct such a hearing *sua sponte*. See United States v. Hunter, 985 F.2d 1003, 1006 (9th Cir.), vacated as moot, 1 F.3d 843 (9th Cir. 1993); United States v. Logsdon, No. 06-10003-MLB, 2012 WL 359903, at *1 (D. Kan. Feb. 2, 2012); United States v. Nakamoto, 2 F. Supp. 2d 1289, 1290 (D. Haw. 1998). Thus, for the foregoing reasons, respondent's motion for release is DENIED.

This 24 April 2017.

_____
W. Earl Britt
Senior U.S. District Judge

---

[1] Respondent is represented by the Office of the Federal Public Defender with regard to matters connected to his commitment.